(49 Misc. Rep. 322.)

MULLER et al. v. CITY OF PHILADELPHIA et al.*

(Supreme Court, Special Term, New York County. February, 1906.)

1. PLEADING—ANSWER—AMENDMENT.

Testator by his will left his estate to a corporation to be formed, and after his death an attempt to organize the corporation was made, and caused litigation, in which the persons named as executors in case the corporation should not take and those who were organizing the corporation were involved. The parties thereafter, together with the heirs at law, executed an agreement providing for the incorporation, and that, if it should be adjudged legally competent to administer the trust under the will, the parties would unite in an application for the award of the property to the corporation as trustee. In an action subsequently brought to construe the will and the agreement, the corporation, after admitting the main allegations, moved for leave to amend its answer, and put in issue the validity of the agreement, and demanded that the whole estate should be turned over to it and that the executor account for all the assets of the estate. Held, that the motion would be denied as in breach of good faith.

2. PARTIES—INTERVENTION.

Where certain defendants moved for leave to intervene on a motion by another defendant to amend its answer, and such motion to amend was denied, the motion to intervene will also be denied.

Action by Charles F. Muller and others against the city of Philadelphia and others. Motion by one defendant for leave to serve an amended answer, and by another defendant for leave to intervene in such motion and compel attorneys for the other defendant to accept service of answer. Motion for leave to serve amended answer denied.

Wolcott G. Lane, for plaintiffs.

Crane & Lockwood, for plaintiff Crane.

Davies, Stone & Auerbach, for defendant Thos. W. Evans Museum Institute Society.

J. Noble Hayes, for defendant Enos and others.

Coudert Bros., for defendant Evans and others.

William L. Turner, for defendant Valois.

BLANCHARD, J. Two motions are here presented. The first is a motion by the defendant Thomas W. Evans Museum Institute Society for leave to serve an amended answer. The second is a motion by the defendant Enos, individually and as administrator of the estate of J. R. Enos, deceased, a beneficiary under the will of Thomas W. Evans, to intervene in the motion above mentioned, and to compel the attorneys for the society to accept service of the answer of said Enos in this action.

Dr. Thomas W. Evans died, leaving about $4,000,000 worth of property, situated in France, New York, and Pennsylvania. After various devises, he left the residue of his estate to a corporation to be formed under the name of "Thomas W. Evans Museum Institute Society"; but, in case such corporation should not take, to certain individuals (who were also named as executors) upon the same trusts; and, in case said individuals should not take, he devised said property upon the same trusts to the city of Philadelphia and the

*Reversed on appeal, 99 N. Y. Supp. 93.

state of Pennsylvania, successively; and, should the latter not take, he devised said property, absolutely, to the individuals who were named as executors, in the confidence that his wishes would be observed; and, if said individuals should not take, he devised to his heirs absolutely. Upon the testator's death, no corporation existed answering the description of the society above mentioned. The executors, as provisional administrators, took possession of the estate in France. The testator's will was offered for probate in Pennsylvania and New York, and proceedings were begun in each jurisdiction attacking the validity of its provisions. Meanwhile steps were taken in Philadelphia by the mayor and certain prominent citizens to incorporate the defendant society; but before the recording of the certificate of incorporation, which was a condition precedent to its existence as a corporation, the executors procured an injunction restraining the completion of incorporation, pending a suit to annul said proceedings, upon the ground that the proposed corporation could not take the name of Thomas W. Evans Museum Institute Society, or claim any rights under said will, without the consent of the executors. In June, 1900, the executors and heirs and the city of Philadelphia, acting through its mayor and city solicitor, executed an agreement, under which the executors entered into possession of the residuary estate and the opposition of the executors to the incorporation of the defendant society was withdrawn, and the society became fully incorporated, with the mayor as incorporator and president of the board of trustees. In said agreement it was provided that, after liquidating the estate and paying $800,000 to the heirs, the executors, "if it shall be determined by the orphans' court of Philadelphia county that the said society is legally competent to execute and administer the trusts in accordance with said will, * * * will join with said corporation in an application for such award to it as trustees to carry into effect the trusts" above mentioned. In February, 1904, the present action was begun by all the executors, except two, who were joined as defendants, to obtain a construction of said will and agreement. The defendant society answered, admitting the main allegations of the complaint and joining in plaintiffs' prayer for relief. The action was set for trial on February 5, 1906; and on January 26, 1906, the order to show cause was signed upon which the first motion under consideration is made herein.

The proposed amended answer of the society puts in issue the validity of the agreement above mentioned, and asks that the will be construed and that the executors be directed to pay over to the society all property in the jurisdiction in accordance with said will, and that the executors account for all the assets of the estate in New York and elsewhere. Under section 723 of the Code of Civil Procedure, the court may, at any stage of the action, "in furtherance of justice," amend any pleading. The determination of the first motion here presented, therefore, rests upon the broadest principles of fairness. At a time when litigation was pending in several jurisdictions an agreement was entered into by all interested parties, then existing, agreeing to a distribution of the estate in pursuance of the general

scheme of the testator's disposition, and even providing, in the agreement for raising the injunction against the incorporation of the society and for paying over the residue to said society, for a removal of the real and legal obstacles to the fulfillment of the testator's intention. Relying upon this agreement, all the parties in interest have discontinued their proceedings attacking the validity of the will, and have relied upon said will and agreement as determining their rights. The society was, indeed, not a party to this agreement; but the trustees in whom the trust fund vested upon the death of the testator were parties to the agreement, and the city of Philadelphia, which was a signatory, must be regarded as having signed as such trustee by its mayor and city solicitor. It is not necessary upon this motion to determine whether the incorporation of the society was improperly enjoined, or whether the trust fund should accordingly have vested in the society before the execution of the agreement, or whether the society would have taken title to the trust fund, independent of the agreement. The fact was that, at the time the agreement was executed, the society actually did not exist, and therefore could not be the trustee. Among the parties signatory to the agreement were parties named by the will to be trustees, in case of failure of an incorporated society answering the description of the society. These parties, by their agreement and their subsequent acts in pursuance thereof, effectually carried out the intention of the trust. By virtue of the agreement alone did the society in fact become incorporated. By the efforts, chiefly, of those officials who executed the agreement on behalf of the city of Philadelphia, the society came into existence, with the mayor in an informal ex officio capacity as an officer. For nearly six years the society has chosen to abide by the rights given in said agreement, without suggesting the slightest doubt of its validity. Having actually come into existence by virtue of this agreement, and throughout these years acquiesced entirely in its validity, and lulling into inaction all parties in interest in reliance upon this unquestioned agreement, the society now asks, nine days before the trial of this action, for leave to amend its answer in order to dispute the validity of the agreement. Such an amendment would not further justice, and the motion to serve the amended answer is therefore denied.

By reason of the interest of the defendant Enos in the first motion above mentioned, he is clearly entitled to intervene therein. Since, however, the ground on which he moved to compel the attorneys for the society to accept service of his answers has failed, by reason of the decision of the first motion above mentioned, his motion is denied in that respect.

Settle orders on notice. Ordered accordingly.